## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MELVIN MARKON,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 3715 ) |
| **BOARD OF EDUCATION OF THE CITY OF CHICAGO, CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, and CHICAGO PUBLIC SCHOOLS,** | ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Melvin Markon filed a three count complaint against defendants, the Board of Education of the City of Chicago, Chicago School Reform Board of Trustees, and Chicago Public Schools (collectively "defendants"), alleging age discrimination under the Age Discrimination in Employment Act ("ADEA"), breach of contract and promissory estoppel. On January 10, 2007, a jury found for Markon on his ADEA claim and for defendants on his breach of contract and promissory estoppel claims. Markon has petitioned for attorneys' fees in the amount of $167,685.00 and for costs in the amount of $14,281.22 pursuant to FED. R. CIV. P. 54, 29 U.S.C. § 626(b) (2006), and 29 U.S.C. § 216(b) (2006).[1] Defendants have objected asserting the attorneys' and paralegal's hourly rates are excessive and that time billed by plaintiff's attorneys is also

---

[1] 29 U.S.C. § 626(b) incorporates 29 U.S.C. § 216(b).

excessive.

I.

29 U.S.C. § 216(b) allows a prevailing party, such as Markon, to recover reasonable attorneys' fees and costs. Defendants take issue with the reasonableness of plaintiff's attorneys' fees. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999).

Plaintiff sets forth the following rates and hours worked by attorneys and staff from Miller and Swenney LLC in his representation: (1) lead attorney, Robert D. Sweeney, has an hourly rate of $285 and worked 511 hours on this case, thereby incurring $147,635.00 in fees; (2) attorney Matthew S. Miller has an hourly rate of $285 and worked 7.25 hours on this case, thereby incurring $2,066.25 in fees; (3) attorney Kimberley A. Novi has an hourly rate of $225 and worked 21.5 hours on this case, thereby incurring $4,837.50 in fees; (4) attorney Casey M. Crane has an hourly rate of $175 and worked 63.5 hours on this case, thereby incurring $11,112 in fees; (5) a "clerk" has an hourly rate of $75 and worked 25.50 hours on this case, thereby incurring $1,912.50 in fees; (6)

the paralegal Alisa M. Coral has an hourly rate of $80 and worked 14.50 hours, thereby incurring $1,193.75 in fees; (7) the paralegal Jennifer M. Swallow has an hourly rate of $55 and worked 16.5 hours on this case, thereby incurring $927.50 in fees.  In total, these fees consists of $167,685 for 659.75 hours of work.

Reasonableness of Attorneys' Hourly Rates

Determination of an attorney's reasonable hourly rate is based on the market rate for services rendered, "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question."  *Id*. at 555.  An attorney's affidavit alone does not establish his reasonable market rate, but "in conjunction with other evidence of the rates charged by comparable lawyers is sufficient to satisfy plaintiffs' burden."  *Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000).

Plaintiff initially submitted the billing records in this matter, an engagement letter, and his counsel's affidavit in support of his petition for attorneys' fees.  In response to defendants' objections, plaintiff also submitted affidavits by Michael S. Ferrell and John J. Scharkey, attesting that Sweeney's reduced hourly rate of $285 per hour was reasonable.  This evidence satisfies plaintiff's burden with respect to Sweeney's hourly rate. Accordingly, I find Sweeney's $285 hourly rate reasonable.  In response to this court's order, plaintiff further submitted an

affidavit by Richard J. Prendergast attesting that the rates of the remainder of plaintiff's counsel's team are consistent with market rates. Plaintiff has therefore also met his burden with respect to Miller, Crane, and Novi, and I find their hourly rates to be reasonable. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894 (7th Cir. 2001) ("The fee applicant can meet his initial burden 'either by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards the attorney has received in similar cases.'") (quoting *Spegon*, 175 F.3d at 556).

Reasonableness of Paralegal Fees

Defendant objects to a number of time entries by plaintiff's counsel's paralegal. "The relevant inquiry for requested paralegal fees is 'whether the work was sufficiently complex to justify the efforts of a paralegal, as opposed to an employee at the next rung lower on the pay-scale ladder.'" *Spegon*, 175 F.3d at 553 (quoting *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1315 (7th Cir. 1996)). Paralegal time spent on "'clerical' or secretarial tasks" should be disallowed. *Id.*

Defendant takes issue with a number of entries which include descriptions such as "updating pleading rack," "drafting letter," "calendaring," and "creating witness files." (*See* Pl. Pet. Exh. B, 1/10/06, 1/12/06, 3/10/06, 5/2/06, 5/8/06; Exh. C, 11/2/05, 2/8/06,

4

3/6/06, 3/16/06, 4/27/06; Exh. D, 5/23/06, 6/5/06, 6/30/06, 7/7/06 and 8/24/06.) Plaintiff replies that these tasks are primarily electronic and require a high level of computer skills, as the office maintains electronic files and pleading racks on computer servers. Therefore, these functions could not be designated as merely clerical or secretarial, as they require specialized computer knowledge. I agree with plaintiff and deny defendants' objections.

<u>Reasonableness of Hours Expended</u>

Plaintiff "may recover only those hours that his attorneys would bill in the private sector." *Garcia v. City of Chicago*, No. 01 C 8945, 2003 U.S. Dist. LEXIS 16565, 2003 WL 22175620, at *3, (N.D. Ill. Sept. 9, 2003) (Holderman, J.) (citation omitted). Accordingly, I must exclude "hours that are excessive, redundant, otherwise unnecessary." *Id*. As with the determination of reasonable hourly rates, the applicant for fees must provide sufficient description of the type of work performed. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1187 (7th Cir. 1992). "A court should not require any more than the level of detail paying clients find satisfactory." *Garcia*, 2003 U.S. Dist. LEXIS 16565, 2003 WL 22175620, at *3 (citation omitted).

Defendants object to (1) the time plaintiff's counsel spent researching certain administrative remedies (12 hours) and (2) jury instructions (approximately 25 hours); (3) and plaintiff's counsel

5

use of "block billing." I agree with plaintiff that the time spent researching certain administrative remedies and jury instructions was reasonable. In particular, the research on the first issue was conducted in lieu of a response to a motion to dismiss attacking plaintiff's exhaustion of administrative remedies. With respect to the jury instructions, plaintiff claims the 25 hours includes discussions with defendants prior to the pretrial and jury instruction conference, in addition to research on back pay as a non-equitable remedy under ADEA. This is actually not reflected in the Seventh Circuit Pattern Jury Instructions. Furthermore, the Seventh Circuit Pattern Jury Instructions for ADEA did not address all of the issues presented in the case. Accordingly, I find the hours expended on these tasks were reasonable.

Finally, unlike the case relied on by defendants, *U.S. Faucets, Inc. v. Home Depot USA, Inc.,* No. 05 C 4538, 2006 U.S. Dist. LEXIS 2446, at *9-10, 2006 WL 211942, at *3 (N.D. Ill. Jan. 18, 2006) (Plunkett, J.), I do not find the entries defendants attack as "lumping" prevent a court from determining whether the time was reasonably spent. The entries provided sufficient detail as to the nature of the tasks, which are consistent with the total time spent on the tasks. For example, the May 30, 2006 entry coincides with the day on which both the final proposed pre-trial order and plaintiff's response to defendant's motion for summary judgment were due and identifies a series of activities related to

6

completing both projects.  Accordingly, I do not find defendants' 20% reduction in fees for the specific entries at issue is necessary.

II.

Defendants' objections to the plaintiff's petition for fees are denied and defendants are ordered to pay attorneys' fees in the amount of $167,685.00 and for costs in the amount of $14,281.22 pursuant to FED. R. CIV. P. 54, 29 U.S.C. § 626(b), and 29 U.S.C. § 216(b).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 25, 2007